## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

_____

PREPARED FOOD PHOTOS, INC. f/k/a/
ADLIFE MARKETING & COMMUNICATIONS CO., INC.,

                                Honorable J. P. Stadtmueller

             Plaintiff,                    Case No. 2:22-cv-652

        vs.

KARL'S COUNTRY MARKET, INC.

            Defendants.

_____

### ANSWER AND AFFIRMATIVE DEFENSES

_____

**NOW COME** the defendant Karl's Country Market, Inc. by its attorneys, Jeffrey Leavell, S.C., and answer the plaintiffs Complaint as follows:

### THE PARTIES

1.      Plaintiff is a corporation organized and existing under the laws of the State of Florida with its principal place of business located in Palm Beach County, Florida.

**ANSWER:**    **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

2.      Defendant is a corporation organized and existing under the laws of the State of Wisconsin with its principal place of business located at W156 N5646 Pilgrim Road, Menomonee Falls, WI 53051.  Defendant's agent for service of process is: Paul Koslowski, W156 N5646 Pilgrim Road, Menomonee Falls, WI 53051.

**ANSWER:**    **Admits.**

1

<u>**JURISDICTION AND VENUE**</u>

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

4. This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with Wisconsin such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

**ANSWER: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "A defendant in a copyright action 'may be found' in a district where he is subject to the district court's personal jurisdiction." <u>Martino v. Orchard Enters.</u>, No. 20 C 2267, 2020 U.S. Dist. LEXIS 199687, at *18 (N.D. Ill. Oct. 27, 2020); see also <u>Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd.,</u> 767 F. Supp. 181, 185 (N.D. Ill. 1991) ("Thus, if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.").

**ANSWER: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

<u>**FACTS**</u>

**I. Plaintiff's Business**

6. Plaintiff is in the business of licensing high-end, professional photographs for the food industry.

2

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

7.      Through its commercial website ([www.preparedfoodphotos.com](www.preparedfoodphotos.com)), Plaintiff offers a monthly subscription service which provides access to/license of tens of thousands of professional images.

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

8.      As of the date of this pleading, Plaintiff charges its clients (generally, grocery stores, restaurant chains, food service companies, etc.) a monthly fee of $999.00 for access to its library of professional photographs.

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

9.      Plaintiff does not license individual photographs or otherwise make individual photographs available for purchase.  Plaintiff's business model relies on its recurring monthly subscription service such that Plaintiff can continue to maintain its impressive portfolio.

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

10.     Plaintiff owns each of the photographs available for license on its website and serves as the licensing agent with respect to licensing such photographs for limited use by Plaintiff's customers.  To that end, Plaintiff's standard terms include a limited, non-transferable license for use of any photograph by the customer only.  Plaintiff's license terms make clear that all copyright ownership remains with Plaintiff and that its customers are not permitted to transfer, assign, or sub-license any of Plaintiff's photographs to another person/entity.

3

**ANSWER:** Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.

II.     **The Work at Issue in this Lawsuit**

      *A.     The First Photograph*

      11.    In 1994, a professional photographer created a photograph titled "AvocadosHR0610.jpg" (the "First Photograph"). A copy of the First Photograph is exhibited below.

      12.    The First Photograph was registered by Plaintiff (pursuant to a work-for-hire agreement with the author that transferred all rights and title in the photograph to Plaintiff) with the Register of Copyrights on December 18, 2016 and was assigned Registration No. VA 2-024712. A true and correct copy of the Certification of Registration pertaining to the First Photograph is attached hereto as **Exhibit "A."**

**ANSWER:** Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.

      13.    Plaintiff is the owner of the First Photograph and has remained the owner at all times material hereto.

**ANSWER:** Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.

*B.     The Second Photograph*

      14.    In 2000, a professional photographer created a photograph titled "BeefShortRibsRawFSHC1211.jpg" (the "Second Photograph"). A copy of the Second Photograph is exhibited below.

4

**ANSWER:** Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.

15. The Second Photograph was registered by Plaintiff (pursuant to a work-for-hire agreement with the author that transferred all rights and title in the photograph to Plaintiff) with the Register of Copyrights on May 31, 2017 and was assigned Registration No. VA 2-055-117. A true and correct copy of the Certification of Registration pertaining to the Second Photograph is attached hereto as **Exhibit "B."**

**ANSWER:** Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.

16. Plaintiff is the owner of the Second Photograph and has remained the owner at all times material hereto.

**ANSWER:** Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.

*C.* *The Third Photograph*

17. In 1995, a professional photographer created a photograph titled "ChickenBreastsRaw003_ADL.jpg" (the "Third Photograph"). A copy of the Third Photograph is exhibited below.

**ANSWER:** Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.

18. The Third Photograph was registered by Plaintiff (pursuant to a work-for-hire agreement with the author that transferred all rights and title in the photograph to Plaintiff) with the Register of Copyrights on April 22, 2017 and was assigned Registration No. VA 2-044-969. A true

5

and correct copy of the Certification of Registration pertaining to the Third Photograph is attached hereto as **Exhibit "C."**

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

19.     Plaintiff is the owner of the Third Photograph and has remained the owner at all times material hereto.

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

*D.      The Fourth Photograph*

20.     In 1995, a professional photographer created a photograph titled "ChickenDrumsticksRaw_ADL.jpg" (the "Fourth Photograph").  A copy of the Fourth Photograph is exhibited below.

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

21.     The Fourth Photograph was registered by Plaintiff (pursuant to a work-for-hire agreement with the author that transferred all rights and title in the photograph to Plaintiff) with the Register of Copyrights on April 22, 2017 and was assigned Registration No. VA 2-044-969 (with the Certificate of Registration pertaining to the Fourth Photograph being attached hereto as Exhibit C).

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

22.     Plaintiff is the owner of the Fourth Photograph and has remained the owner at all times material hereto.

6

**ANSWER:** Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.

E.     *The Fifth Photograph*

23.     In 1997, a professional photographer created a photograph titled "Duck002_ADL.jpg" (the "Fifth Photograph"). A copy of the Fifth Photograph is exhibited below.

**ANSWER:** Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.

24.     The Fifth Photograph was registered by Plaintiff (pursuant to a work-for-hire agreement with the author that transferred all rights and title in the photograph to Plaintiff) with the Register of Copyrights on January 31, 2017 and was assigned Registration No. VA 2-046-915. A true and correct copy of the Certification of Registration pertaining to the Fifth Photograph is attached hereto as Exhibit "D."

**ANSWER:** Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.

25.     Plaintiff is the owner of the Fifth Photograph and has remained the owner at all times material hereto.

**ANSWER:** Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.

F.     *The Sixth Photograph*

26.     In 1994, a professional photographer created a photograph titled "HamCheeseSandwichHR0309.jpg" (the "Sixth Photograph"). A copy of the Sixth Photograph is exhibited below.

7

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

27.    The Sixth Photograph was registered by Plaintiff (pursuant to a work-for-hire agreement with the author that transferred all rights and title in the photograph to Plaintiff) with the Register of Copyrights on November 26, 2016 and was assigned Registration No. VA 2-022966.  A true and correct copy of the Certification of Registration pertaining to the Sixth Photograph is attached hereto as Exhibit "E."

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

28.    Plaintiff is the owner of the Sixth Photograph and has remained the owner at all times material hereto.

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

*G.*    *The Seventh Photograph*

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

29.    In 1994, a professional photographer created a photograph  titled "Mushrooms002_ADL.jpg" (the "Seventh Photograph").  A copy of the Seventh Photograph is exhibited below.

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

30.    The Seventh Photograph was registered by Plaintiff (pursuant to a work-for-hire agreement with the author that transferred all rights and title in the photograph to Plaintiff) with the

8

Register of Copyrights on April 27, 2017 and was assigned Registration No. VA 2-055-123. A true and correct copy of the Certification of Registration pertaining to the Seventh Photograph is attached hereto as Exhibit "F."

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

31.     Plaintiff is the owner of the Seventh Photograph and has remained the owner at all times material hereto.

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

*H.      The Eighth Photograph*

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

32.     In 1994, a professional photographer created a photograph titled "OnionsVidaliaHR0305.jpg" (the "Eighth Photograph"). A copy of the Eighth Photograph is exhibited below.

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

33.     The Eighth Photograph was registered by Plaintiff (pursuant to a work-for-hire agreement with the author that transferred all rights and title in the photograph to Plaintiff) with the Register of Copyrights on November 26, 2016 and was assigned Registration No. VA 2-022966 (with the Certificate of Registration pertaining to the Eighth Photograph being attached hereto as Exhibit E).

9

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

34.     Plaintiff is the owner of the Eighth Photograph and has remained the owner at all times material hereto.

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

*I.      The Ninth Photograph*

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

35.     In 1997, a professional photographer created a photograph titled "PieRaspberry001_ADL.jpg" (the "Ninth Photograph").  A copy of the Ninth Photograph is exhibited below.

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

36.     The Ninth Photograph was registered by Plaintiff (pursuant to a work-for-hire agreement with the author that transferred all rights and title in the photograph to Plaintiff) with the Register of Copyrights on December 23, 2016 and was assigned Registration No. VA 2-047018.  A true and correct copy of the Certification of Registration pertaining to the Ninth Photograph is attached hereto as Exhibit "G."

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

37.     Plaintiff is the owner of the Ninth Photograph and has remained the owner at all times material hereto.

10

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

*J.* *The Tenth Photograph*

38.     In 1997, a professional photographer created a photograph titled "PolishKielbasaGrilled001_ADL.jpg" (the "Tenth Photograph").  A copy of the Tenth Photograph is exhibited below.

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

39.     The Tenth Photograph was registered by Plaintiff (pursuant to a work-for-hire agreement with the author that transferred all rights and title in the photograph to Plaintiff) with the Register of Copyrights on May 3, 2017 and was assigned Registration No. VA 2-055-108.  A true and correct copy of the Certification of Registration pertaining to the Tenth Photograph is attached hereto as Exhibit "H."

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

40.     Plaintiff is the owner of the Tenth Photograph and has remained the owner at all times material hereto.

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

*K.* *The Eleventh Photograph*

41.     In 1994, a professional photographer created a photograph titled "PorkButtRaw0306.jpg" (the "Eleventh Photograph").  A copy of the Eleventh Photograph is exhibited below.

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

42.     The Eleventh Photograph was registered by Plaintiff (pursuant to a work-for-hire agreement with the author that transferred all rights and title in the photograph to Plaintiff) with the Register of Copyrights on October 28, 2016 and was assigned Registration No. VA 2-020-887.  A true and correct copy of the Certification of Registration pertaining to the Eleventh Photograph is attached hereto as Exhibit "I."

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

43.     Plaintiff is the owner of the Eleventh Photograph and has remained the owner at all times material hereto.

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

*L.*     *The Twelfth Photograph*

44.     In 1994, a professional photographer created       a        photograph        titled "PorkTenderloinRawHR0506.jpg" (the "Twelfth Photograph").  A copy of the Twelfth Photograph is exhibited below.

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

45.     The Twelfth Photograph was registered by Plaintiff (pursuant to a work-for-hire agreement with the author that transferred all rights and title in the photograph to Plaintiff) with the Register of Copyrights on October 23, 2016 and was assigned Registration No. VA 2-020-735.  A

12

true and correct copy of the Certification of Registration pertaining to the Twelfth Photograph is attached hereto as Exhibit "J."

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

46. Plaintiff is the owner of the Twelfth Photograph and has remained the owner at all times material hereto.

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

*M.* *The Thirteenth Photograph*

47. In 1994, a professional photographer created a photograph titled "RoastedTurkey0412.jpg" (the "Thirteenth Photograph"). A copy of the Thirteenth Photograph is exhibited below.

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

48. The Thirteenth Photograph was registered by Plaintiff (pursuant to a work-for-hire agreement with the author that transferred all rights and title in the photograph to Plaintiff) with the Register of Copyrights on December 9, 2016 and was assigned Registration No. VA 2-024450. A true and correct copy of the Certification of Registration pertaining to the Thirteenth Photograph is attached hereto as Exhibit "K."

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

49. Plaintiff is the owner of the Thirteenth Photograph and has remained the owner at all times material hereto.

13

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

### N.    *The Fourteenth Photograph*

50.    In 1995, a professional photographer created       a       photograph       titled "SausageLinks003_ADL.jpg" (the "Fourteenth Photograph").  A copy of the Fourteenth Photograph is exhibited below.

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

51.    The Fourteenth Photograph was registered by Plaintiff (pursuant to a work-for-hire agreement with the author that transferred all rights and title in the photograph to Plaintiff) with the Register of Copyrights on April 22, 2017 and was assigned Registration No. VA 2-044-989.  A true and correct copy of the Certification of Registration pertaining to the Fourteenth Photograph is attached hereto as Exhibit "L."

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

52.    Plaintiff is the owner of the Fourteenth Photograph and has remained the owner at all times material hereto.

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

### O.    *The Fifteenth Photograph*

53.    In 1994, a professional photographer created  a photograph  titled "StuffedPorkChopsRaw001_ADL.jpg" (the "Fifteenth Photograph").   A copy of the Fifteenth Photograph is exhibited below.

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

54.     The Fifteenth Photograph was registered by Plaintiff (pursuant to a work-for-hire agreement with the author that transferred all rights and title in the photograph to Plaintiff) with the Register of Copyrights on May 3, 2017 and was assigned Registration No. VA 2-055-110.  A true and correct copy of the Certification of Registration pertaining to the Fifteenth Photograph is attached hereto as Exhibit "M."

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

55.     Plaintiff is the owner of the Fifteenth Photograph and has remained the owner at all times material hereto.

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

*P.* *The Sixteenth Photograph*

56.     In 1998, a professional photographer created       a       photograph       titled "VealCutletPasta001_ADL.jpg" (the "Sixteenth Photograph").  A copy of the Sixteenth Photograph is exhibited below.

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

57.     The Sixteenth Photograph was registered by Plaintiff (pursuant to a work-for-hire agreement with the author that transferred all rights and title in the photograph to Plaintiff) with the Register of Copyrights on January 28, 2017 and was assigned Registration No. VA 2-084-082.  A

15

true and correct copy of the Certification of Registration pertaining to the Sixteenth Photograph is attached hereto as Exhibit "N."

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

58. Plaintiff is the owner of the Sixteenth Photograph and has remained the owner at all times material hereto.

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

*Q.* ***The Seventeenth Photograph***

59. In 1994, a professional photographer created a photograph titled "WholeFryerChicken001_ADL.jpg" (the "Seventeenth Photograph"). A copy of the Seventeenth Photograph is exhibited below.

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

60. The Seventeenth Photograph was registered by Plaintiff (pursuant to a work-for hire agreement with the author that transferred all rights and title in the photograph to Plaintiff) with the Register of Copyrights on May 3, 2017 and was assigned Registration No. VA 2-055-110. A true and correct copy of the Certification of Registration pertaining to the Seventeenth Photograph is attached hereto as **Exhibit "O."**

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

61. Plaintiff is the owner of the Seventeenth Photograph and has remained the owner at all times material hereto.

16

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

62.     The First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, Seventh Photograph, Eighth Photograph, Ninth Photograph, Tenth Photograph, Eleventh Photograph, Twelfth Photograph, Thirteenth Photograph, Fourteenth Photograph, Fifteenth Photograph, Sixteenth Photograph, and Seventeenth Photograph are collectively referred to herein as the "Work."

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

**III.     Defendant's Unlawful Activities**

63.     Defendant owns and operates a full-line grocery store in Menomonee Falls, WI.

**ANSWER:** **Admits.**

64.     Defendant advertises/markets its business primarily through its website (https://karlscountrymarket.com/about-us), its social media (e.g. https://www.facebook.com/TheKarlsCountryMarket/?ref=page_internal), and other forms of advertising such as print circulars for its weekly ads.

**ANSWER:** **Admits.**

65.     On at least one date after Plaintiff's above-referenced copyright registration of the First Photograph, Defendant published the First Photograph in one of its weekly ads (previously published at https://karlscountrymarket.com/weekly-ads-specials) in connection with the sale of "Fresh Avocados":

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

17

66.     On at least one date after Plaintiff's above-referenced copyright registration of the Second Photograph, Defendant published the Second Photograph in one of its weekly ads (previously published at https://karlscountrymarket.com/weekly-ads-specials) in connection with the sale of "Beef Short Ribs":

**ANSWER:     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

67.     On at least one date after Plaintiff's above-referenced copyright registration of the Third Photograph, Defendant published the Third Photograph in one of its weekly ads (previously published at https://karlscountrymarket.com/weekly-ads-specials) in connection with the sale of "Boneless Chicken Breast."

**ANSWER:     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

68.     On at least one date after Plaintiff's above-referenced copyright registration of the Fourth Photograph, Defendant published the Fourth Photograph in one of its weekly ads (previously published at https://karlscountrymarket.com/weekly-ads-specials) in connection with the sale of "Chicken Drumsticks."

**ANSWER:     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

69.     On at least one date after Plaintiff's above-referenced copyright registration of the Fifth Photograph, Defendant published the Fifth Photograph in one of its weekly ads (previously published at https://karlscountrymarket.com/weekly-ads-specials) in connection with its "Make Christmas Special This Year" ad.

18

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

70.     On at least one date after Plaintiff's above-referenced copyright registration of the Sixth Photograph, Defendant published the Sixth Photograph in one of its weekly ads (previously published at https://karlscountrymarket.com/weekly-ads-specials) in connection with the sale of "Deli Sandwiches":

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

71.     On at least one date after Plaintiff's above-referenced copyright registration of the Seventh Photograph, Defendant published the Seventh Photograph in one of its weekly ads (previously published at https://karlscountrymarket.com/weekly-ads-specials) in connection with the sale of "Steak Cut Mushrooms":

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

72.     On at least one date after Plaintiff's above-referenced copyright registration of the Eighth Photograph, Defendant published the Eighth Photograph in one of its weekly ads (previously published at https://karlscountrymarket.com/weekly-ads-specials) in connection with the sale of "Vidalia Onions":

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

73.     On at least one date after Plaintiff's above-referenced copyright registration of the Ninth Photograph, Defendant published the Ninth Photograph in one of its weekly ads (previously

published at https://karlscountrymarket.com/weekly-ads-specials) in connection with the sale of "Fresh Baked In Store Fruit Pies":

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

74. On at least one date after Plaintiff's above-referenced copyright registration of the Tenth Photograph, Defendant published the Tenth Photograph in one of its weekly ads (previously published at https://karlscountrymarket.com/weekly-ads-specials):

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

75. On at least one date after Plaintiff's above-referenced copyright registration of the Eleventh Photograph, Defendant published the Eleventh Photograph in one of its weekly ads (previously published at https://karlscountrymarket.com/weekly-ads-specials) in connection with the sale of "Karl's Pork Butt Roast":

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

76. On multiple dates after Plaintiff's above-referenced copyright registration of the Twelfth Photograph, Defendant published the Twelfth Photograph in one of its weekly ads (previously published at https://karlscountrymarket.com/weekly-ads-specials) in connection with the sale of "Karl's Finest- All Natural Pork Tenderloin."

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

77. On multiple dates Plaintiff's above-referenced copyright registration of the Thirteenth Photograph, Defendant published the Thirteenth Photograph in one of its weekly ads (previously published at https://karlscountrymarket.com/weekly-ads-specials).

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

78. On at least one date after Plaintiff's above-referenced copyright registration of the Fourteenth Photograph, Defendant published the Fourteenth Photograph in one of its weekly ads (previously published at https://karlscountrymarket.com/weekly-ads-specials) in connection with the sale of "Karl's Award Winning Breakfast Links."

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

79. On multiple dates after Plaintiff's above-referenced copyright registration of the Fifteenth Photograph, Defendant published the Fifteenth Photograph in one of its weekly ads (previously published at https://karlscountrymarket.com/weekly-ads-specials) in connection with the sale of "Stuffed Pork Chops."

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

80. On at least one date after Plaintiff's above-referenced copyright registration of the Sixteenth Photograph, Defendant published the Sixteenth Photograph in one of its weekly ads (previously published at https://karlscountrymarket.com/weekly-ads-specials) in connection with the sale of "Karl's Pork Cutlets."

**ANSWER:** **Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

81.     On at least one date after Plaintiff's above-referenced copyright registration of the Seventeenth Photograph, Defendant published the Seventeenth Photograph in one of its weekly ads (previously published at https://karlscountrymarket.com/weekly-ads-specials) in connection with the sale of "Karl's – All Natural Free Range Whole Chicken."

**ANSWER:     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

82.     A true and correct copy of screenshots of the foregoing advertisements, displaying the copyrighted Work, is attached hereto as Exhibit "P."

**ANSWER:     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

83.     The foregoing display of the Work by Defendant was accessible and was in fact accessed from persons in the State of Florida.

**ANSWER:     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

84.     Defendant is not and has never been licensed to use or display any of the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with its website or for any other purpose - even though the Work that was copied is clearly professional stock photography that would put Defendant on notice that the Work was not intended for public use.

**ANSWER:     Admits the defendant has no licenses, otherwise denies.**

85.     Defendant utilized the Work for commercial use – namely, in connection with the marketing of its business.

**ANSWER:     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

22

86.     Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

**ANSWER:     Denies.**

87.     Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff discovered Defendant's unauthorized use/display of the Work during in April 2020. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use.  To date, Plaintiff has been unable to negotiate a reasonable license for the past infringement of its Work.

**ANSWER:     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

88.     All conditions precedent to this action have been performed or have been waived.

**ANSWER:     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

## COUNT I – COPYRIGHT INFRINGEMENT

89.     Plaintiff re-alleges and incorporates paragraphs 1 through 88 as set forth above.

**ANSWER:     This defendant repeats as if fully contained herein its answers to paragraphs 1-88 above.**

90.     The Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 et seq.).

**ANSWER:     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

23

91.     Plaintiff owns a valid copyright in the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

**ANSWER:     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

92.     As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on its website and its print advertising.

**ANSWER:     Denies.**

93.     Defendant reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

**ANSWER:     Denies.**

94.     By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes.

**ANSWER:     Denies.**

95.     Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright.  Defendant itself utilizes a copyright disclaimer ("© 2019 KarlsCountryMarket.com"), indicating that Defendant understands the importance of copyright protection and intellectual property rights.  Further, Defendant has operated in the grocery store business for 20+ years and has utilized hundreds (if not thousands) of professional stock imagery during that time.  Defendant clearly understands that high-end food photography is not generally available for free or that such can simply be copied from the internet.

**ANSWER:     Denies.**

96.     Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

**ANSWER:     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

97.     Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

**ANSWER:     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

98.     Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

**ANSWER:     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

99.     Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendant's conduct.

**ANSWER:     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.**

100.     Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by the Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**ANSWER:** Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the plaintiff to its proof.

## AFFIRMATIVE DEFENSES

As and for their affirmative defenses, defendant states as follows:

1.     The incidents described in the Complaint and any damages that may have been caused were the results of the acts of third parties who must indemnify defendant.

2.     The incidents were due to a supervening or intervening cause not within the control or foreseeability of defendant.

3.     The defendant's conduct was innocent, and not willful.

4.     The Plaintiff may have failed to properly serve an authenticated Summons and Complaint upon this Defendant, and this Court may therefore be without personal jurisdiction.

5.     The Plaintiff may have failed to name all necessary parties.

6.     That upon information and belief, all or part of Plaintiffs' claim for damages was paid by third parties and/or insurers and to the extent that any such payment by third parties and/or insurers has been made, such parties may be necessary parties to this action and to the extent that such parties have failed to be joined as party Plaintiff in this action, then such action should be barred, abated or dismissed for failure to join these parties as Plaintiff to this action.

8.     Plaintiff's claim and action may be barred by statute of limitations, laches, or estoppel.

**WHEREFORE**, Defendant demands judgment dismissing the Complaint upon its merits, together with costs and disbursements herein, together with any other relief deemed just and equitable by the Court, with all taxable costs and disbursements.

## DEFENDANT HEREBY DEMANDS TRIAL BY 12 PERSON JURY ON ALL MATTERS SO TRIABLE.

26

Dated this 27th day of July 2022.

JEFFREY LEAVELL, S.C.

*Electronically signed by Jeffrey Leavell*

By: _____

Jeffrey Leavell
State Bar No.: 1004734
Attorneys for Defendant Karl's Country Market, Inc.

P.O. Address
723 S. Main Street
Racine, WI  53403-1211
Telephone: (262) 633-7322
Facsimile:  (262) 633-7323