# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| PREPARED FOOD PHOTOS, INC., <br><br> Plaintiff, <br><br> v. <br><br> HOMETOWN PUBLICATIONS II INC., <br><br> Defendant. | Case No. 22-CV-652-JPS <br><br><br> **ORDER** |

      This Order considers Plaintiff Prepared Food Photos, Inc.'s ("Plaintiff") motion for default judgment against remaining Defendant in this case, Hometown Publications II Inc. ("Hometown"). ECF No. 29. The motion will be granted as specified herein, with the damages award to be determined pending a hearing thereon. The Court begins by recounting the facts as alleged in the operative complaint and the relevant procedural history.

      On June 1, 2022, Plaintiff filed this action, alleging that the originally-named Defendant, Karl's County Market, Inc. ("Karl's"), infringed Plaintiff's copyrights by using Plaintiff's professional stock photos in its advertising without seeking permission or license to do so. ECF No. 1. Karl's appeared through counsel and filed an answer, ECF No. 5, and, later, a Third-Party Complaint against Hometown. ECF No. 12. Around the same time, Karl's consented to magistrate judge jurisdiction and the case was reassigned to Magistrate Judge William E. Duffin. ECF No. 9. On September 23, 2022, Hometown appeared through counsel, Attorney Peter Salza

("Salza"), and filed an incomplete magistrate judge jurisdiction form. ECF Nos. 17, 18.

On September 24, 2022, Plaintiff filed an amended complaint—the operative complaint in this matter—naming only Hometown as a Defendant but otherwise alleging the same claim of copyright infringement related to a number of Plaintiff's photographs. ECF No. 20. Two days later, Karl's filed a notice of voluntary dismissal of its Third-Party Complaint against Hometown. ECF No. 21. The parties later stipulated to dismiss Karl's from the action entirely. ECF No. 25. As a result, Hometown is the sole remaining Defendant in this case.

The following relevant facts are drawn from the Amended Complaint. Plaintiff licenses professional stock photographs of food to its subscribers, which include grocery stores, restaurants, and similar users in the food industry. ECF No. 20 at 2. The subscribers may then use Plaintiff's photos for their own commercial purposes. *Id.* at 2. Rather than license individual photos, Plaintiff charges its subscribers a monthly fee of $999.00 for access to its entire library of photos. *Id.* at 2–3.[1]

Hometown is, or was,[2] a media company that designs, prints, and circulates print advertisements for grocery stores, including Karl's. *Id.* at 16.

---

[1] Plaintiff has attached to its motion for default judgment the declaration of its secretary, Rebecca Jones, who further states that "Plaintiff's standard licensing terms require a minimum of a twelve (12) month licensing commitment . . . to avoid scenarios whereby a licensee pays for one (1) month of access, downloads the entire library of 20,000+ photographs, and immediately terminates the licensing agreement." ECF No. 29-1 at 2–3.

[2] Hometown's corporate registration with the State of Wisconsin reflects a long history of delinquency and reinstatement; as of March 2022, it is administratively dissolved. *See* Corporate Record Search, Wisconsin Department of Financial Institutions, https://www.wdfi.org/apps/corpsearch/search.aspx (search for "Hometown Publications II Inc.") (last visited May 11, 2023).

Karl's had a contract with Hometown for these services and paid a "substantial amount" for them. *Id.* at 17. Hometown used seventeen photos in various advertisements it designed for Karl's that appear to be exact duplicates of photos on which Plaintiff has registered copyrights. *Compare id.* 3–16 (Plaintiff's copyrighted photos) *and* 32–171 (copyright registrations) *with* 17–26 (screenshots of Hometown publications for Karl's). Hometown did not have a subscription to Plaintiff's service and did not otherwise seek a license or permission from Plaintiff to use its photos. *Id.* at 26.

The procedural history demonstrates Hometown is aware of but has failed to defend this action. Hometown was served with the amended complaint and agreed to waive service of the summons on September 30, 2022. ECF No. 26 (waiver signed by Salza). To date, however, Hometown has not filed an answer. On Plaintiff's application, the Clerk of Court entered default as to Hometown on December 28, 2022. Plaintiff then filed its motion for entry of default judgment against Hometown on March 2, 2023. ECF No. 29. Hometown never filed a completed magistrate judge jurisdiction form, so the case was reassigned to this branch of the Court for final disposition. *See Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 475 (7th Cir. 2017).

Plaintiff served the motion for default judgment electronically on Hometown through Salza. *Id.* at 20; *see* Fed. R. Civ. P. 55(b)(2) ("If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before [a] hearing [thereon]."); *see also e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 600–02 (7th Cir. 2007) (discussing Rule 55's requirement that a defaulting party who has appeared be served with written notice of an application for

default judgment). Although it has appeared through counsel, Hometown has filed no opposition to the motion for default judgment, and its time for doing so has expired. Civ. L.R. 7(b). The Court thus treats the motion for default judgment as unopposed and proceeds to its merits. Civ. L.R. 7(d).

"Anyone who violates any of the exclusive rights of the copyright owner . . . is an infringer of the copyright" and may "institute an action for any infringement of that particular right[.]" 17 U.S.C. § 501(a)–(b). The elements of a copyright infringement claim are "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Design Basics, LLC. v. Signature Constr., Inc.*, 994 F.3d 879, 886 (7th Cir. 2021) (citation omitted). Because default has been entered against Hometown, the facts in the amended complaint related to liability are deemed admitted and taken as true. *VLM Food Trading Intern., Inc. v. Ill. Trading Co.*, 7th Cir. 811 F.3d 247, 255 (7th Cir. 2016). Those facts establish Hometown's liability for copyright infringement. ECF No. 20.

The amended complaint attaches Plaintiff's copyright registrations for each of the seventeen photos; these certificates, together with Hometown's default, establish that Plaintiff has valid copyrights on those seventeen photos. *See* 17 U.S.C. § 410(c) (noting certificates of copyright registration generally "constitute prima facie evidence of the validity of the copyright"); *see also* Fed. R. Civ. P. 10(c); *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013) (holding that courts may consider documents attached to the complaint and referred to and relied upon therein as part of the complaint). The first element of a copyright infringement claim is established.

The amended complaint reproduces, in relevant part, each of the advertisements Hometown created for Karl's in which Plaintiff's photos

Page 4 of 12
Case 2:22-cv-00652-JPS    Filed 05/12/23    Page 4 of 12    Document 31

were used. The photos used in each advertisement are identical to the photos Plaintiff owns and licenses to its paying subscribers. Hometown did not have a subscription to Plaintiff's service or otherwise have permission from Plaintiff to use the photos but used them anyway (perhaps by locating each photo with a web-based image search and then copying and pasting the photo into the advertisement—though Hometown's method is unimportant). These facts establish the second element of a copyright infringement claim. *See Design Basics*, 994 F.3d at 888 (explaining substantial similarity and unlawful appropriation).[3]

Hometown's liability having been established, Plaintiff nevertheless bears the responsibility to prove up its damages. Fed. R. Civ. P. 55(b)(2). Indeed, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true," and the Court must conduct an inquiry to ascertain the amount of damages with reasonable certainty. *e360 Insight*, 500 F.3d at 602 (citations and quotations omitted). Judgment by default may not be entered without a hearing on damages unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id.*

---

[3]Plaintiff represents in the amended complaint that it discovered Hometown's use of these photos in April 2020, through reverse image searches. ECF No. 20 at 26–27. Its motion for default judgment states the Hometown advertisements for Karl's that included Plaintiff's photos were published during a period "spanning from June 2019 – November 2021." ECF No. 29 at 11. Attachments in support of the motion show that the earliest infringing advertisement was published June 30, 2019. ECF No. 29-1 at 62–63. It appears Plaintiff's complaint was timely filed regardless of whether the limitations period is calculated from the time of Plaintiff's discovery of the infringing conduct or the first complained-of instance of Hometown's infringement. *See* 17 U.S.C. § 507(b) (providing three-year statute of limitations).

"[A] copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement[.]" 17 U.S.C. § 504(b). Alternatively, "the copyright owner may elect . . . to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action . . . in a sum of not less than $750 or more than $30,000 as the court considers just[,]" or up to $150,000 for willful infringements. 17 U.S.C. § 504(c)(1)–(2). "[A] finding of willfulness is justified if the infringer knows that its conduct is an infringement or if the infringer has acted in reckless disregard of the copyright owner's right." *Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 511 (7th Cir. 1994) (citation and quotation marks omitted). "The Court has the discretion to assess damages within these statutory limits." *Bell v. Homeroute*, No. 1:11-CV-00766-TWP, 2014 WL 2745557, at *1 (S.D. Ind. June 17, 2014).

Plaintiff elects to recover statutory damages and, contending Hometown's infringement was willful, suggests that the Court award statutory damages in an amount double its purported actual damages, for a total damages award of $71,928. ECF No. 29 at 15–18. Plaintiff has calculated its actual damages amount based on the subscription fee that Hometown would have paid to Plaintiff if Hometown had used Plaintiff's photos pursuant to such a subscription during the relevant time period. *Id.* at 9–15. Because the amount of any statutory damages award is committed to the discretion of the trial court, and because Plaintiff bases its request for double its purported actual damages only on what courts "generally" do, *id.* at 15, the Court at this time will decline to adopt Plaintiff's methodology, and instead will set a hearing on the matter of damages.

It is true that "[c]alculating damages based on 'fair market value' is the preferred approach taken in cases involving the unauthorized use of copyrights[.]" *See Epic Sys. Corp. v. Attachmate Corp.*, No. 15-CV-179-BBC, 2016 WL 3703084, at *2 (W.D. Wis. July 8, 2016) (citation omitted) (providing further that "[i]n calculating the fair market value of an unauthorized use, courts will attempt to determine the price to which a willing buyer and a willing seller would have agreed had they engaged in an ex-ante 'hypothetical negotiation' for the specific type of unlicensed use at issue"). But the Court is not yet persuaded by Plaintiff's suggestion that the most accurate measure of its actual damages is $35,964, nor that such a figure should be the starting point for calculating statutory damages.

The $35,964 figure is based on the cost of a subscription to Plaintiff's service at $999 per month with a mandatory 12-month minimum subscription term, *see supra* note 1, multiplied by three to account for each of the three years in which Hometown made at least one infringing use—in other words, $11,988 per year for three years. Plaintiff avers that Hometown committed at least one infringing use in each of the following months:

- June 2019
- July 2019
- August 2019
- September 2019
- October 2019
- November 2019
- January 2020
- February 2020
- March 2020
- April 2020
- May 2020
- March 2021
- November 2021.

ECF No. 29 at 11–12. Summarized a different way, Hometown infringed at least one of Plaintiff's photos at least once a month in the 12-month span between June 2019 and May 2020, and then on two occasions in 2021 thereafter.

The documentary evidence in this case supports Plaintiff's position but could equally support a different conclusion about its actual damages. Plaintiff has not explained why its own business model, which is structured to disallow licensing of individual photos and short-term licenses, is the single most accurate measure of its damages in the case at bar. For instance, Plaintiff has not stated that a subscriber is required to pay for a full 12-month subscription in *each* year it accesses Plaintiff's library or that its standard licensing terms follow a calendar year (i.e., that a user who access photos in 2019 and 2020 would have to pay a full 12-month subscription for each year). Neither has Plaintiff stated that a user who initially purchases a 12-month subscription and then seeks to use one of Plaintiff's photos after that period expires must purchase an entirely new 12-month subscription (as opposed to a one-month subscription) to do so. Plaintiff has also not accounted for the fact that, if Hometown purchased a two-year subscription to begin in June 2019, that subscription would have expired in June 2021, meaning that the vast majority of Hometown's infringements occurred within a span of two, not three, years.

On this view of the facts, the Court cannot accept that, in a hypothetical negotiation with Plaintiff, Hometown surely would have elected to pay $35,964 for three years of access to use the seventeen photos at issue. *See Epic*, 2016 WL 3703084, at *2. It is equally if not more possible that, were Hometown a non-infringing user, it would have paid a single year's subscription at $11,988 to access photos in the June 2019 to May 2020

Page 8 of 12
Case 2:22-cv-00652-JPS   Filed 05/12/23   Page 8 of 12   Document 31

period and then subsequently paid $999 in each of the two months in 2021 when it used Plaintiff's photos. Plaintiff has also not demonstrated that Hometown, as a dissolved business, would have in an arms-length negotiation accepted a $999 per-month licensing fee one time to access a single photo. Plaintiff's speculation that Hometown likely "improperly copied many more" than the seventeen photos at issue, ECF No. 29 at 12, is just that: speculation, which is not documentary evidence and which the Court is not bound to accept as a basis for damages. *See e360 Insight*, 500 F.3d at 602.

Plaintiff cites a handful of cases in support of its method of calculating damages. *Id.* at 13–14. But these cases were all brought and litigated by Plaintiff in other districts. Other courts having adopted Plaintiff's method of damages calculation does not, by itself, persuade this Court that it should exercise its broad statutory discretion to bring about the same result. 17 U.S.C. § 504(c)(1)–(2); *Bell*, 2014 WL 2745557, at *1. To be sure, statutory (as opposed to actual) damages are an appropriate vehicle for relief here since Hometown's non-participation in this lawsuit rendered Plaintiff unable to determine through discovery an exact calculation of either the gross revenue or the net profit Hometown gained through infringement. 17 U.S.C. § 504(b)–(c)(1). But a damages award that the Court considers "just," 17 U.S.C. § 504(c)(1), must be based on something more than Plaintiff's say-so. This Court is not in the business of rubber-stamping judgments.

It is also apparent that Hometown's infringements were willful or in "reckless disregard" of Plaintiff's copyright and justify enhanced statutory damages. *Wildlife Express*, 18 F.3d at 511. "[W]hile actual knowledge is not required for infringement to be willful, the defendants must know or have

Page 9 of 12
Case 2:22-cv-00652-JPS    Filed 05/12/23    Page 9 of 12    Document 31

some reason to know that their actions constituted infringement." *Bell v. Merchants Bank of Ind.*, 456 F. Supp. 3d 1046, 1051 (S.D. Ind. 2020). The fact that Hometown *repeatedly* used Plaintiff's photos without permission for its own commercial gain supports a finding that Hometown knew it was infringing another party's copyright and that its use was not accidental or de minimis. *See id.* Hometown's failure to defend or otherwise participate in this lawsuit also supports a finding of willfulness. *See Pawson v. Archetype Ltd.*, No. 1:08-CV-1163, 2009 WL 10682433, at *10 (C.D. Ill. Apr. 8, 2009) (finding that "the entry of default has the effect of a finding of willful infringement, in that [the defendant] cannot raise any issue of liability at this time").[4] But again, the Court must nonetheless determine a "just" statutory damages award, and Plaintiff's current damages request does not set a fair starting point from which to do so or from which to determine a willfulness multiplier.

In sum, the Court cannot, based on the evidence currently before it, award statutory damages in the amount of $71,928 as Plaintiff has requested. Accordingly, the matter will be set for an in-person damages hearing on **Thursday, June 8, 2023 at 8:30 a.m.** at which time Plaintiff

---

[4]Parenthetically, Hometown's status as a media company that designs and circulates advertisements for a number of paying clients supports an inference that Hometown is well aware of its obligation to obtain licenses or permission to use photos it does not own.

As an additional consideration, "the statutory damages award may be designed to penalize the infringer and to deter future violations." *See Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224, 1229–30 (7th Cir. 1991). Certainly, a damages award against Hometown would help deter similar violations by making proper licensing more affordable than infringement. At the same time, the Court will not, in the name of deterrence, incentivize Plaintiff to inflate further the cost of licensing its photos in an effort to recover increasingly greater amounts in inevitable future litigation.

should be prepared to present further evidence in support of its calculation of damages, consistent with the Court's comments herein. Upon consideration of that evidence, the Court will make a final determination as to an appropriate amount of damages.[5]

The Court next turns to Plaintiff's request for full costs and attorney's fees. ECF No. 29 at 18. The Court in its discretion may allow, or disallow, a prevailing party in a copyright infringement action to recover full costs and reasonable attorney's fees. 17 U.S.C. § 505. Although Plaintiff will by operation of the final judgment in this case be the prevailing party, the Court reserves for a later time a final determination of what award of costs and attorney's fees—if any—is appropriate. Any future submissions from Plaintiff in support of a request for costs and attorney's fees should explain why the requested amount is appropriate in light of Plaintiff's estimated or awarded damages.

Finally, the Court will grant Plaintiff's request for a permanent injunction to prevent Hometown from future use of Plaintiff's copyrighted material. ECF No. 29 at 18–19. A district court "having jurisdiction of a civil action arising under this title may . . . grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). The Court has jurisdiction over this matter. 28 U.S.C. §§ 1331, 1338(a). The Court finds that Hometown's conduct has caused Plaintiff irreparable injury by impairing the market value of Plaintiff's work, that Hometown's conduct will

---

[5]Whether Plaintiff will ultimately be able to recover any judgment from Hometown is not a consideration, but the Court questions why Plaintiff would seek such a high damages award from an entity it knows is not in business.

continue to cause such harm if unaddressed, and that Plaintiff has no adequate remedy at law.

The Court will therefore order that Hometown, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Hometown are permanently enjoined from (1) directly or indirectly infringing Plaintiff's copyright or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop, or manufacture any work derived or copied from Plaintiff's copyrighted photograph or to participate or assist in any such activity; and (2) directly or indirectly reproducing, displaying, distributing, otherwise using, or retaining any copy, whether in physical or electronic form, of any copyrighted photograph owned by Plaintiff.

Accordingly,

**IT IS ORDERED** that Plaintiff Prepared Food Photos, Inc.'s motion for default judgment, ECF No. 29, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that a hearing on the matter of damages is set for **Thursday, June 8, 2023 at 8:30 a.m.** in Courtroom 425, 517 E. Wisconsin Ave., Milwaukee, WI 53202; and

**IT IS FURTHER ORDERED** that Plaintiff Prepared Food Photos, Inc. is entitled to permanent injunctive relief on the terms set forth in this Order, and which will be entered by separate order.

Dated at Milwaukee, Wisconsin, this 12th day of May, 2023.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge